IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01660-BNB

CHARLES RAMOS, JR.,

    Plaintiff,

v.

MS. JERI D. SHEPHERD,
MR. JAMES F. HARTMANN,
MR. A.. M. DOMINGUEZ, JR., and
MR. LEON WIKOFF,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 9 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Charles Ramos, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Ramos initiated this action by filing *pro se* a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983.

Mr. Ramos has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee in this action. The Court must construe the complaint liberally because Mr. Ramos is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the complaint and the action.

Mr. Ramos's sole claim arises out of his conviction on criminal charges in the District Court of Weld County, Colorado, in case number 01CR745, and his subsequent sentence to fourteen years of incarceration in the DOC. He contends that his rights to due process and equal protection were violated by perjured testimony at his evidentiary hearing. He is suing the deputy public defender who represented him, the deputy district attorneys who prosecuted him, and the Weld County sheriff's deputy who testified at his criminal proceedings.

The Court finds that Mr. Ramos's claim for damages challenging his conviction and sentence is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Ramos does not allege, and there is no indication in the Court's file, that he has invalidated the legality of his incarceration. In fact, it is apparent that Mr. Ramos has not invalidated his conviction or sentence because he currently is incarcerated in a state correctional facility. Therefore, the complaint for damages is barred by *Heck* and

will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this __28th__ day of __September__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01660-BNB

Charles Ramos, Jr.
Prisoner No. 112819
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk