IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01660-ZLW

CHARLES RAMOS, JR.,

    Plaintiff,

v.

MS. JERI D. SHEPHERD,
MR. JAMES F. HARTMANN,
MR. A.. M. DOMINGUEZ, JR., and
MR. LEON WIKOFF,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 9 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Charles Ramos, Jr., filed **pro se** on October 6, 2010, a motion to reconsider the dismissal of the instant action. The Court must construe Mr. Ramos's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). The Court will

consider Mr. Ramos's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on September 29, 2010. **See Van Skiver**, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

In an order filed on September 29, 2010, the Court dismissed the complaint and the action without prejudice as barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). The September 29 dismissal order discusses in detail the reasons for the dismissal. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Ramos fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Ramos fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion to reconsider that Plaintiff, Charles Ramos, Jr., filed **pro se** on October 6, 2010, and which the Court has treated as a motion to alter or

amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this 8th day of November, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01660-ZLW

Charles Ramos, Jr.
Prisoner No. 112819
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/9/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk